Edward W. Lukas (SBN 155214)
HARRINGTON, FOXX, DUBROW
& CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071
Telephone: (213) 489-3222
Email:  elukas@kfdclaw.com

Joseph G. Vernon (filing for pro hac vice)
Anita C. Marinelli (filing for pro hac vice)
MILLER, CANFIELD, PADDOCK AND STONE, PLC
150 W Jefferson Avenue
Detroit, Michigan 48226
Telephone:  (313) 963-6420
Email:  vernon@millercanfield.com
        marinelli@millercanfield.com

Attorneys for Plaintiff
INDIO PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LA CASH & CARRY, Inc., a California Corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** |

Plaintiff Indio Products, Inc. (hereinafter, "Plaintiff" or "Indio"), for its Complaint against Defendant LA Cash & Carry, Inc., ("Defendant") by and through its undersigned counsel, respectfully states as follows:

## Nature of the Action

1.     This is a complaint for copyright infringement, trademark/trade dress infringement, and unfair competition against Defendant LA Cash & Carry, Inc.

2.     Plaintiff is engaged in the business, *inter alia*, of manufacturing, selling and distributing candles in the decorative, religious and esoteric candle markets. As a leader in the esoteric candle market, Plaintiff has protected its proprietary artwork and designs through copyright and trademark registrations.

3.     Recognizing Plaintiff's success and goodwill, and in a brazen and improper attempt to capitalize on that success, Defendant has begun to sell esoteric candles and related items, which prominently feature exact copies or very close copies of Plaintiff's original artwork, without authorization from Plaintiff.

4.     In addition to improperly utilizing Plaintiff's artistic designs on products, Defendant currently sells candles and related products which feature Plaintiff's proprietary names, which are federally registered.

5.     Defendant's conduct is causing, and unless immediately enjoined, will continue to cause irreparable harm to Plaintiff. Defendant cannot continue to exploit Plaintiff's original artistic works and trademarks in order to sell its "look alike" products to the public. Defendant's conduct must be immediately stopped and Plaintiff must be compensated for Defendant's willful acts of infringement.

## The Parties

6.     Plaintiff Indio is a corporation organized and exiting under California law, with its principal place of business in Commerce, California. Indio manufacturers and sells, among other things, esoteric products including candles.

7.     Upon information and belief, Defendant is a corporation organized and existing under California law with its principal place of business at 4160 Bandini Boulevard, Vernon, California 90058 and/or 1126 S Santa Fe Ave, Los Angeles, CA 90021.

**Jurisdiction and Venue**

8.    This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq.*, and trademark infringement, as well as false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c); Unfair Competition under California *Business and Professions* Code § 17200, and damages for Unfair Competition under California common law.

9.    This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

10.    This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 which are integrally interrelated to Plaintiff's federal claims and arise from a common nucleus of operative facts, such that the determination of the state law claims with the federal claims furthers judicial economy.

11.    This Court has personal jurisdiction over Defendant because, among other reasons, Defendant resides and has done business in this District, and Defendant has committed and continue to commit acts of unfair competition in this District.

12.    Venue is proper in this District under 28 U.S.C. § 1391.

**Facts Relevant To All Counts**

13.    Indio has been developing, manufacturing and selling religious and esoteric candles for over twenty-five years. During that time, Indio has made a name for itself and is a well-respected source of various candles and related items such as sachets, scented oils and room sprays. Most popular among Indio's items are its esoteric candles which are marketed largely in the United States and Mexico.

14.    Indio is a pioneer in the esoteric market and is a well-respected source of the types of esoteric candles that are the subject of this matter and currently manufactures and sells candles with a multitude of designs, as well as other related products such as spiritual water, oils, powders and sachets. Indio expends substantial

amounts of time, money and effort in producing and marketing its products, and has spent a substantial amount of time creating and protecting original artwork and designs for its products.

15. Indio owns, *inter alia*, the following copyrights, which are federally registered: Holy Death / Santa Muerte copyright (VA0001860122); DUME / Black List / Lista Negra copyright (VA0001899051/VA0002137041); Cleansing / Limpias copyright (VA0001923417/VA0002176798); Control / Controlling copyright (VA0001920926/VA000215093); Domination / Dominante copyright (VA0001899055/VA0002169605); Spell Breaker / Rompe Conjuros copyright (VA0001923406/VA0002169615); Obatala / Orisa-NLA copyright (VA0002129384/VA0002165117); Yemaya / Yemoja copyright (VA0002129528/ VA0002174114); Elegua / Esu copyright (VA0002174182/VA0002129529); Ogun copyright (VA0002165141/VA0002129532); Oshun / Osun copyright (VA0002174109/VA0002129525); Orunla / Orunmila copyright (VA0002174106/ VA0002129524); Break Up / Separar copyright (VA0001899063/VA0002199072); Road Opener / Abre Camino copyright (VA0001899050/VA0002165431); Oya copyright (VA0002129526/VA0002174123); Shut Up / Tapa Boca (VA0001899039/VA0002165149); and Ochosi (VA0002165134/VA0002129530) (hereinafter collectively the "Artwork"). *See* Exhibit A.

16. In addition to its copyrighted designs, Indio has several proprietary marks for its products, which are federally registered trademarks. Indio has used these marks and its candle trade dress regularly and continuously in commerce to identify its products and to associate those products with Indio and Indio's goodwill and reputation.

17. Indio owns, *inter alia*, the following trademarks: Holy Death design trademark (United States Patent and Trademark Office ("USPTO") Registration No. 4342068); Spell Breaker design trademark (USPTO Registration No. 6118637); Oshun design trademark (USPTO Registration No. 5615697); Break Up design

trademark (USPTO Registration No. 5615693); "Break Up" trademark (USPTO Registration No. 5207544); and "Separar" trademark (USPTO Registration No. 5207545) (collectively, the "Marks"). *See* Exhibit B.

18.　Consumers have come to look for these images and marks as a hallmark of Indio's quality. Indio prides itself on its high quality silk-screening of its Artwork and Marks on its glassware for its esoteric candles. Indio uses a high quality wax and a high quality glass that is larger than most of its competitors for its candles.

19.　In addition, the Covid-19 pandemic has resulted in a shortage of wax. But unwilling to compromise on the quality of its product, Indio has paid more money to maintain the high quality of its products where its competitors have resorted to lowering the quality of the wax.

20.　Indio is informed and believes and on that basis alleges that Defendant and/or its agents have been advertising, manufacturing, importing, and/or selling (and/or causing to be advertised, manufactured, imported, and sold) candles and other products featuring the Artwork and Marks, without Indio's authorization, or designs identical or significantly similar to those owned by Indio. *See* Exhibit C.

21.　Defendant do not have any license, authorization, permission or consent to use Indio's Artwork or Marks.

22.　Indio is informed and believes and on that basis alleges that Defendant operates a store at 1126 S. Santa Fe Ave, Los Angeles, California 90021, and, to conceal its infringing activities, Defendant restricts access to this store to only certain individuals, while barring others entry.

23.　When individuals from Indio attempted to gain access to Defendant's store, employees of Defendant refused them entry to prevent Indio the opportunity to inspect the infringing products inside.

24.　Indio is informed and believes and on that basis alleges that Defendant purchases and imports its infringing products from Veladoras Misticas, a Mexican manufacturer and seller of esoteric products.

25.     Indio has successfully enforced its intellectual property rights to deter such activity. Through its efforts to deter such activity, Indio learned of Defendant's actions  of advertising, importing, distributing and/or selling (and/or causing to be advertised, imported, distributed and sold) products which infringe Indio's intellectual property rights without Indio's authorization.

26.     Several other companies have copied Indio's candles to profit off of the popularity of and goodwill in Indio candles. Indio has successfully enforced its rights in four other litigations in the last five years, and obtained injunctions barring advertising, importing, distributing and/or selling (and/or causing to be advertised, imported, distributed and sold) products which infringe Indio's intellectual property rights in three of those actions: *See e.g. Indio Products, Inc. v. Brybradan, Inc.*, Case No. 2:16-cv-05067 (C.D. Cal. 2016)/ Case No. 2:18-cv-09353 (C.D. Cal. 2018) (injunction issued); *Indio Products, Inc. v. Camao, Inc.*, Case No. 2:16-cv-07668 (C.D. Cal. 2016) (favorable settlement); *Indio Products, Inc. v. Uni-Lite Candles, Inc.*, Case No. 4:18-cv-04790 (S.D. Tex. 2018) (injunction issued); ; and *Indio Products, Inc. v. C S P Yemaya International, Inc.,* Case No. 2:19-cv-01018 (C.D. Cal. 2019) (injunction issued).

27.     Defendant is surreptitiously selling candles bearing the same or nearly the same designs subject both to Federal registrations and to injunctions issued against other parties by Federal courts. Defendant is knowingly and willfully violating and profiting off of Indio's valuable intellectual property rights.

## COUNT I

## COPYRIGHT INFRINGEMENT

## <ins>(17 U.S.C. §§ 101 *et seq* and 501)</ins>

28.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

29.     Plaintiff has registered with the United States Copyright Office the Artwork described above. Defendant has deliberately and intentionally copied

Plaintiff's Artwork, and in doing so, have infringed Plaintiff's copyright in the Artwork in violation of the Copyright Act by selling candles and other products featuring Plaintiff's Artwork, without Plaintiff's consent.

30.    Indio is informed and believes and on that basis alleges that Defendant sells candles bearing designs which are the same or substantially similar to Plaintiff's designs. On many of the designs, Defendant's products   copy the layout, arrangement and overall look of the designs, and on others, copied almost identically every aspect of each design.

31.    Defendant has infringed and continues to infringe Plaintiff's Holy Death / Santa Muerte copyright (VA0001860122) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

32.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an substantially similar design to Plaintiff's copyrighted design.



33.    Defendant has infringed and continues to infringe Plaintiff's DUME / Black List / Lista Negra copyright (VA0001899051/VA0002137041) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

34.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



35.     Defendant has infringed and continues to infringe Plaintiff's Cleansing / Limpias copyright (VA0001923417/VA0002176798) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an substantially similar design to the design covered by Plaintiff's registration.

36.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an substantially similar design to Plaintiff's copyrighted design.



37.     Defendant has infringed and continues to infringe Plaintiff's Control / Controlling copyright (VA0001920926/VA000215093) by, inter alia, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

38.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



39.     Defendant has infringed and continues to infringe Plaintiff's Domination / Dominante copyright (VA0001899055/ VA0002169605) by, *inter alia*, by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

40.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



41. Defendant has infringed and continues to infringe Plaintiff's Spell Breaker / Rompe Conjuros copyright (VA0001923406/ VA0002169615) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

42. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



43. Defendant has infringed and continues to infringe Plaintiff's Obatala / Orisa-NLA copyright (VA0002129384/VA0002165117) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

44.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.



45.     Defendant has infringed and continues to infringe Plaintiff's Yemaya / Yemoja copyright (VA0002129528/ VA0002174114) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

46.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



47.     Defendant has infringed and continues to infringe Plaintiff's Ogun copyright (VA0002165141/VA0002129532) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products

bearing a substantially similar design to the design covered by Plaintiff's registration.

48.   Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



49.   Defendant has infringed and continues to infringe Plaintiff's Oshun / Osun copyright (VA0002174109/VA0002129525) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

50.   Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



51.     Defendant has infringed and continues to infringe Plaintiff's Orunla / Orunmila copyright (VA0002174106/ VA0002129524) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an substantially similar design to the design covered by Plaintiff's registration.

52.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an substantially similar design to Plaintiff's copyrighted design.



53.     Defendant has infringed and continues to infringe Plaintiff's Break Up / Separar copyright (VA0001899063/ VA0002199072) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an substantially similar design to the design covered by Plaintiff's registration.

54.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an substantially similar design to Plaintiff's copyrighted design.



55.    Defendant has infringed and continues to infringe Plaintiff's Road Opener / Abre Camino copyright (VA0001899050/ VA0002165431) by, inter alia, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

56.    Following is a comparison of the imagery in Plaintiff's registered copyright, Plaintiff's product bearing the copyright, and Defendant's product bearing an image that is substantially similar to Plaintiff's artwork.



57.    Defendant has infringed and continues to infringe Plaintiff's Oya copyright (VA0002129526/VA0002174123) by, inter alia, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

58.   Following is a comparison of the imagery in Plaintiff's registered copyright, Plaintiff's product bearing the copyright, and Defendant's product bearing an image that is substantially similar to Plaintiff's artwork.



59.   Defendant has infringed and continues to infringe Plaintiff's Shut Up / Tapa Boca (VA0001899039/ VA0002165149) by, inter alia, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

60.   Following is a comparison of the imagery in Plaintiff's registered copyright, Plaintiff's product bearing the copyright, and Defendant's product bearing an image that is substantially similar to Plaintiff's artwork.



61.     Upon information and belief, Defendant has infringed and continues to infringe Plaintiff's Ochosi (VA0002165134/ VA0002129530) and Elegua / Esu copyright (VA0002174182/VA0002129529) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration that it purchases from the same manufacturer as its other infringing products.

62.     Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

63.     As a direct and proximate result of said infringement by Defendant, Plaintiff has sustained, and will continue to sustain statutory damages and/or damages in an amount to be proven at trial.

64.     Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b). Plaintiff is further entitled to its attorney fees and costs pursuant to 17 U.S.C. § 505 and otherwise as according to law.

65.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continues to infringe Plaintiff's rights in the Artwork. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## COUNT II
## TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1125)

66.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

67.     Defendant has adopted and continue to use in commerce an image identical to or confusingly similar to Plaintiff's Marks, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's mark was intended to cause confusion, mistake and/or deception.

68.     Defendant has infringed and continues to infringe Plaintiff's Holy Death design trademark (USPTO Registration No. 4342068) by using an image in commerce that is likely to cause confusion, or cause mistake or deceive and/or selling, offering for sale, distributing, and/or advertising products bearing an image that is likely to cause confusion, or cause mistake or deceive as to their origin.

69.     Following is a comparison of Plaintiff's registered trademark, Plaintiff's product bearing the trademark, and Defendant's product bearing an image that is likely to cause confusion with Plaintiff's mark.



70.     Defendant has infringed and continues to infringe Plaintiff's Spell Breaker design trademark (USPTO Registration No. 6118637) by using an image in commerce that is likely to cause confusion, or cause mistake or deceive and/or selling, offering for sale, distributing, and/or advertising products bearing an image that is likely to cause confusion, or cause mistake or deceive as to their origin.

71.     Following is a comparison of Plaintiff's registered trademark, Plaintiff's product bearing the trademark, and Defendant's product bearing an image that is likely to cause confusion with Plaintiff's mark.



72.     Defendant has infringed and continues to infringe Plaintiff's Oshun design trademark (USPTO Registration No. 5615697) by using an image in commerce that is likely to cause confusion, or cause mistake or deceive and/or selling, offering for sale, distributing, and/or advertising products bearing an image that is likely to cause confusion, or cause mistake or deceive as to their origin.

73.     Following is a comparison of Plaintiff's registered trademark, Plaintiff's product bearing the trademark, and Defendant's product bearing an image that is likely to cause confusion with Plaintiff's mark.



74.     Defendant has infringed and continues to infringe Plaintiff's Break Up design trademark (USPTO Registration No. 5615693), "Break Up" trademark

(USPTO Registration No. 5207544), and/or "Separar" trademark (USPTO Registration No. 5207545) by using an image in commerce that is likely to cause confusion, or cause mistake or deceive and/or selling, offering for sale, distributing, and/or advertising products bearing an image that is likely to cause confusion, or cause mistake or deceive as to their origin.

75. Following is a comparison of Plaintiff's registered trademark, Plaintiff's product bearing the trademark, and Defendant's product bearing an image that is likely to cause confusion with Plaintiff's mark.



76. Defendant's wrongful use of the Marks in connection with its goods comprises an infringement of Plaintiff's registered trademark and is likely to cause, and has caused confusion, mistake or deception as to the affiliation, connection or association of the goods with Plaintiff, in violation of 15 U.S.C. §1114 and/or 15 U.S.C. § 1125.

77.     Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional cause under 15 U.S.C. §1117(a).

78.     As a direct and proximate result of said infringement by Defendant, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial. Plaintiff is also entitled to Defendant's profits attributable to the infringement and is further entitled to its attorney fees and costs as according to law.

79.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continues to infringe Plaintiff's mark. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

**COUNT III**

**UNFAIR COMPETITION & INFRINGEMENT UNDER LANHAM ACT**
**§43**

**(15 U.S.C. § 1125)**

80.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

81.     Since 1992, Plaintiff has regularly used the trademarks and/or trade dress in commerce, to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation. Plaintiff's trade dress on its candles individually and/or collectively is inherently distinctive, and/or has achieved acquired distinctiveness, and includes the unique and non-functional use and orientation of the words and design elements shown above. Plaintiff's advertising and sales for more than a decade, and in some instances more than two decades, of

the esoteric products at issue have furthermore developed acquired distinctiveness for the marks and trade dress as consumers look for these marks and trade dress and associate them with Plaintiff. The copying conducted by Defendant individually and/or collectively further demonstrates the secondary meaning associated with the candle products at issue.

82.   Upon information and belief, Defendant sells candles bearing Plaintiff's protected Marks and trade dress, as set forth in the images above.

83.   Defendant's use of Plaintiff's Marks and trade dress to promote, market or sell their goods in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of the Marks and trade dress is likely to cause confusion, mistake, and deception among customers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

84.   Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its Marks and trade dress before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

85.   As a direct and proximate result of Defendant's acts, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial. Upon information and belief, the acts of infringement and unfair competition by Defendant harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendant.

86.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to engage in unfair competition by infringing

Plaintiff's Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## COUNT IV

## UNFAIR COMPETITION

## (CALIFORNIA *BUSINESS & PROFESSIONS CODE* § 17200 *et seq.*)

87.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

88.     Defendant's wrongful conduct as herein alleged constitutes unfair, unlawful and/or fraudulent business acts and/or practices in violation of California *Business & Professions* Code § 17200 *et seq*.

89.     Defendant had direct and full knowledge of Plaintiff's prior use of and rights in the Artwork and Marks before the acts complained of herein.

90.     As a direct and proximate result of Defendant's violation of *Business & Professions* Code § 17200 *et seq.*, Plaintiff is entitled to restitution, including disgorgement of Defendant's improperly obtained profits.

91.     As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

## (California Common Law)

92.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

93.     Defendant's actions and conduct constitute trademark and/or trade dress infringement in violation of California common law. Defendant has marketed, promoted, distributed, offered for sale, and sold products using marks identical or confusingly similar to Plaintiff's marks and/or trade dress that consumers have come to associate with Plaintiff's products. As a result of Defendant's unauthorized use of confusingly similar marks and/or trade dress, the public is likely to believe that Defendant's products have been manufactured, approved by, or affiliated with Plaintiff.

94.     Defendant's unauthorized use of a confusingly similar trademark and/or trade dress falsely represents Defendant's products as emanating from or being authorized by Plaintiff. Defendant's unauthorized activities undermine Plaintiff's goodwill and negatively impact Plaintiff's ability to develop and promote its products and to have its products associated exclusively with Plaintiff.

95.     As a result of such infringement, Plaintiff has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Plaintiff is entitled to recover damages, including any and all profits Defendant has made as a result of their wrongful conduct.

## COUNT VI
## UNFAIR COMPETITION
## (California Common Law)

96.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

97.     Defendant's wrongful conduct as herein alleged constitutes unfair competition under California common law.

98.     Unless enjoined, Defendant's continued wrongful conduct will cause Plaintiff irreparable injury, leaving Plaintiff with no adequate remedy at law.

99.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain damages, in an amount to be proven at trial.

100.    As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Indio Products, Inc. prays for relief against Defendant as follows:

A.     Judgment in favor of Plaintiff and against Defendant on all counts;

B.     A determination that Defendant is liable to Plaintiff for copyright infringement under 17 U.S.C § 501;

C.     A determination that Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C § 1117 and/or 15 U.S.C § 1125;

D.     A determination that the Defendant is liable to Plaintiff for unfair competition under 15 U.S.C. § 1125(a);

E.     A determination that the Defendant is liable to Plaintiff for common law unfair competition under California common law;

F.     A determination that Defendant's conduct and/or infringement is willful;

G.     For a preliminary and permanent injunction enjoining Defendant and its respective officers, agents, employees, shareholders, directors, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trademarks and/or other

exclusive rights (now in existence or hereinafter created), and (b) causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiff's respective copyrights, trademarks and/or other exclusive rights (whether now in existence or hereafter created);

H.      Requiring Defendant, pursuant to the Lanham Act, to deliver to Plaintiff or destroy its entire inventory of infringing products bearing or infringing the Artwork and Marks or a confusingly similar copy thereof;

I.      An award of maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), and/or alternatively, Plaintiff's actual damages and/or the profits of Defendant that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

J.      An award of maximum statutory damages per counterfeit mark per type of good sold under 15 U.S.C. § 1117(a);

K.      An award of Plaintiff's damages trebled plus the costs and attorney fees under 17 U.S.C. § 505 and 15 U.S.C. § 1117(c), and/or alternatively, Plaintiff's actual damages and/or profits of Defendant that are attributable to the violations alleged herein pursuant to 15 U.S.C § 1117(a);

L.      An accounting of Defendant's profits;

M.      A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

N.      An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendant, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs and disbursements of this action;

O.      For an award of interest, including pre-judgment interest on the foregoing sums; and

P.      A grant of such other, different, and additional relief the Court may deem equitable and proper.

1

## **Jury Demand**

2
Pursuant to Fed. R. Civ. P. 38(B) and 5(d), Indio demands a jury trial of all issues

3
triable by jury.

4

5
      Respectfully submitted,

6

7
Dated:  August 23, 2021       HARRINGTON, FOXX, DUBROW
                & CANTER, LLP

8

9

10
                By: /s/ Edward W. Lukas, Jr.

11
                    EDWARD W. LUKAS, JR.
                    Attorneys for Plaintiff

12
                    INDIO PRODUCTS, INC.

13

14
Dated:  August 23, 2021       **MILLER,  CANFIELD,  PADDOCK  AND**

15
                **STONE, PLC**

16

17

18
                By: /s/ Anita C. Marinelli

19
                    Joseph G. Vernon (filing pro hac vice)
                    ANITA C. MARINELLI (filing *pro hac*

20
                    *vice*)

21
                    Attorneys for Plaintiff
                    INDIO PRODUCTS, INC.

22

23

24

25

26

27

28